IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CYNTHIA STREET, et al | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 17–01625–JMC |
| VERIZON MARYLAND, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiffs Cynthia and Robert Street brought suit against Defendant Verizon Maryland, LLC in the Circuit Court for Baltimore City alleging negligence and loss of consortium under Maryland law. (ECF No. 2). The case was removed to this Court based on federal diversity jurisdiction pursuant to 28 U.S.C. §1332(a). The parties consented to proceed before a magistrate judge for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 1, 12). Currently pending before this Court is Defendant's Motion for Summary Judgment. (ECF No. 23). The Court has reviewed Defendant's Motion, Plaintiffs' Response in Opposition, and Defendant's Reply thereto. (ECF No. 23, 24, 25). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendant's Motion is DENIED.

**I.   BACKGROUND**

On November 18, 2014, a technician employed by Defendant Verizon arrived at the home of Plaintiffs Cynthia and Robert Street to install Verizon FIOS. Prior to the technician's arrival, Mrs. Street had begun cleaning the house and, in so doing, removed various paintings and pictures from the walls. When the technician arrived, Mrs. Street directed him to the crawl space, located below the first level of the house, where he needed to perform work necessary to

install Verizon FIOS. In order to allow the technician access to the crawl space, Mrs. Street removed a rug that covered the crawl space, disengaged and removed the hatch that closed off the crawl space, and finally removed a 2x4-sized open wood frame that lay below the hatch and divided the crawl space opening in half. The technician then began his work and Mrs. Street continued with her cleaning in other rooms.

After a period of time, Mrs. Street heard a "snapping noise" that she believed to be the technician replacing the 2x4 wood frame over the crawl space, although she did not actually see the technician do so. From another room, she then asked the technician whether he was finished. He answered that he was "all done" and simply had to return to his truck for additional equipment to ensure that the televisions were properly programmed. Mrs. Street had previously finished cleaning the area around the crawl space, so she retrieved one of the paintings that usually hung on the wall above the crawl space in order to rehang it. Mrs. Street carried the painting at eye level and turned a corner of the house in order to access the wall near the crawl space. As she walked forward, Mrs. Street fell directly into the open crawl space and caught herself on the 2x4 wood frame, sustaining serious injury in her fall.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "to demonstrate the absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In this case, Defendant moves for summary judgment based on two independent grounds: first, that Plaintiff assumed the risk as a matter of law and, second, that Plaintiff was contributorily negligent as a matter of law. The Maryland Court of Appeals has made clear that contributory negligence "means negligence which contributes to cause a particular accident which occurs, while assumption of risk of accident means voluntarily incurring that of an accident which may not occur, and which the person assuming the risk may be careful to avoid after starting." *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 111 (2011) (internal citations omitted). Furthermore, "[c]ontributory negligence defeats recovery because it is a proximate cause of the accident which happens, but assumption of the risk defeats recovery because it is a previous abandonment of the right to complain if an accident occurs." *Id.*

In Maryland, both contributory negligence and assumption of the risk serve as complete bars to a plaintiff's recovery. *Renick v. Sperau*, Civ. No. CCB–12–1627, 2013 WL 2139500, *3 (D. Md. May 14, 2013) (citing *Prudential Sec., Inc. v. E-Net, Inc.*, 140 Md. App. 194 (2001)).

3

The issues of contributory negligence and assumption of the risk are traditionally reserved for a jury. *Woods v. Dolgencorp, LLC*, 2017 WL 4785057, *3 (D. Md. Oct. 18, 2017) (citing *Poole v. Coakley & Williams Const., Inc.*, 423 Md. 91, 115 (2011)); *see also Ramsay v. The Home Depot USA, Inc.*, No. Civ. AMD–03–1504, 2004 WL 3178076, *1 n.1 (D. Md. May 27, 2004) ("Of course, defendant has asserted contributory negligence and assumption of the risk in its answer to the complaint, but it properly has not sought summary judgment as to either of those defenses."). However, "when undisputed facts permit only one reasonable conclusion," a court may determine the issues of contributory negligence and assumption of risk as a matter of law. *Hooper v. Mougin*, 263 Md. 630, 632–33 (1971); *see also Longie v. Exline*, 659 F.Supp. 177, 179 (D. Md. 1987). For the purposes of disposition of the pending Motion for Summary Judgment, Defendant has waived the issue of primary negligence and accepts as true all of Plaintiff's testimony. (ECF No. 25, Def.'s Reply at 1). Both of Defendant's arguments will be addressed in turn.

### A. Assumption of the Risk

Defendant first argues that it is entitled to summary judgment based on the doctrine of assumption of the risk because "[a]ccording to her own sworn testimony, Mrs. Street herself exposed the crawl space opening; was aware of the hazard it presented; and did nothing to verify that the hatch had been replaced." (ECF No. 23, Def.'s Mot. for Summ. J. at 7). The defense of assumption of the risk "arises when the plaintiff knows of and appreciates a risk and voluntarily chooses to encounter it." *Leakas v. Columbia Country Club*, 831 F.Supp. 1231, 1236 (D. Md. 1993) (citing *Hooper v. Mougin*, 263 Md. 630, 635 (1971). In order to prove assumption of the risk, a defendant must show that the plaintiff "(1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *Harmon v. United*

4

*States*, Civ. No. PX–15–2611, 2017 WL 4098742, *13 (D. Md. Sept. 15, 2017) (quoting *ADM P'ship v. Martin*, 348 Md. 84, 91 (1997)). Furthermore, "in the usual case, the plaintiff's knowledge and appreciation of the danger will be a question for the jury; but where it is clear that any person of normal intelligence in the plaintiff's position must have understood the danger, the issue must be decided by the court." *Poole*, 423 Md. at 109–10 (internal citations omitted).

In support of its argument, Defendant references "Mrs. Street's own sworn testimony" generally, but without citing to any specific line from her deposition to prove her subjective knowledge of the condition of the exposed crawl space. Despite Defendant's assertion that "Mrs. Street's testimony confirms her subjective awareness" of the condition of the open crawl space, her testimony in fact confirms that a dispute of material fact exists as to her awareness. At her deposition, Plaintiff testified, "So I was coming, and I heard [the technician] come up out of [the crawl space]. I heard a snapping clicking sound, which to me was, sounding like [the 2x4 frame] was going into place." (ECF No. 23, Def.'s Mot. for Summ. J., Ex. 2 at 64). She further explains, "When I asked, from what I heard, and then when I asked if he was finished, then I thought that he had put the, well, he had put in the part back…the 2 by 4 back in place. But the hatch was not lowered. So when he said that he was finished down there, I thought that he had completed that, and went out the front door." *Id.* at 67. Based on Plaintiff's testimony that she perceived the cover being replaced and was told by the technician that he was finished, it is clear that a genuine dispute of material fact exists as to whether Plaintiff assumed the risk of her injuries. A reasonable jury may ultimately disbelieve Plaintiff's testimony or may find that Plaintiff, knowing that the hatch had been opened, failed to verbally and visually verify that the

5

technician had closed the hatch and assumed the risk, but the issue nonetheless still falls to the jury for decision.

B. **Contributory Negligence as a Matter of Law**

Defendant also argues that it is entitled to summary judgment on the issue of contributory negligence because Plaintiff "proceeded without any effort whatsoever to verify that the hazard had been eliminated, and failed to see and appreciate the hazard plainly there to be seen." (ECF No. 23, Def.'s Mot. for Summ. J. at 10). In Maryland, contributory negligence acts as a complete bar to recovery. *Hooper v. Mougin*, 263 Md. 630, 634 (Md. 1971). To invoke the doctrine of contributory negligence, a defendant must demonstrate "that the injured party was or should have been aware of a dangerous situation and then failed to exercise ordinary care to protect himself." *Id.* at 239 (internal citations omitted). Although contributory negligence is ordinarily a jury question, the Maryland Court of Appeals "has established that a plaintiff can be contributorily negligent as a matter of law when there is no genuine dispute as to the plaintiff's own negligence." *Reid v. Washington Overhead Door, Inc.*, 122 F.Supp.2d 590, 593–94 (D. Md. 2000) (citing *Sugar v. Traub*, 233 Md. 320, 322–23 (D. Md. 2000). An objective, or "reasonable person," standard is applied when analyzing contributory negligence. *Heckman*, 962 F.Supp.2d at 805.

Here, it remains a jury question as to whether or not a reasonable person would conclude, as Plaintiff did, that a technician completing technical work at a home would have re-covered the open crawl space before leaving the work area, that the "snapping noise" that Plaintiff heard indicated that the technician had done so, or that his statement that he was finished indicated that he had done so.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED. A separate Order shall follow.

Dated: November 20, 2017

/s/
J. Mark Coulson
United States Magistrate Judge